Wright, J.
The demurrer to the plea in abatement was properly sustained. There is nothing in the statute forbidding trustees of townships from returning their own names to the clerk of the court in the list of jurors. The *356 board is required annually.,to select good judicious persons having the qualifications of an elector, and not exempt by law, from serving as jurors. 70 Ohio L. 168, § 3. The reason why they should select persons not exempt by law, is that the persons drawn from the box shall be without excuse from serving, not that the persons exempt are disqualified. The board of trustees is composed of three persons, and two of the trustees may return their fellow on the list of selected persons, and the one selected be ignorant of what has been done. Rut whatever may have been the circumstances, the fact that he is a public officer does not disqualify. In Glossenger v. The State, 24 Ohio St. 206, if was hold: “ The provisions of the act relating to jurors (70 Ohio L. 173, § 21), exempting public officers and others from service on juries does not have the effect to disqualify the persons so exempted, but. merely extends to such persons a privilege, which may be waived by them.”
See also The State v. Easter, 30 Ohio St. 542, and cases cited therein.
In the second clause or assignment of the plea in abatement, it is alleged that one of the grand jurors had said “that they (said grand jury) had already found a great number of bills against the liquor sellers of this county, and that before they (the grand jury) got through, they would find enough bills to break every liquor seller in Clermont county up.”
"We can not herein see anything which would disqualify the party from serving on the grand jury, for notwithstanding having made such a statement, he may have been a “good and judicious” person. If liquor selling was an offense against the laws, a determination to put an end to it, does not show the party to have been incompetent to find indictments.
The same remarks will apply to the ground of objection that the grand jurors were incompetent, because they had subscribed $50 to pay the expenses,of prosecuting offenders. Zeal displayed in a purpose to put down a certain kind of offense, often repeated, is not a bias against any particular *357 individual. A desire to enforce the laws is commendable rather than the reverse. It is to do this that the grand jury is organized, in order that they may discover and present these persons who have been guilty of crime.
They do not try and convict the offender. That is left for another body, with regard to whom, and against any feeling they may entertain, the accused is sufficiently protected.
But even if a supposed interest on the part of a grand juror were a disqualification, it has already been held by this court that the objection can not be taken by plea in abatement. The State v. Easter, 30 Ohio St. 542. If ground of challenge at all, it must be made before indictment found, or before the jury is sworn.
As to the charge of the court with reference to proving a specific sale and the time thereof. We understand the law to be as recognized in Stockwell v. The State, 27 Ohio St. 563, where it is said: “As the precise time laid in the indictment is immaterial, the plaintiff in error might well have been convicted, on proof that he committed the offense charged, at any of the times in regard to which evidence was offered by the state.”
In the ease before us, there was evidence tending to show sales “ about the time mentioned in the indictment.”
The time mentioned was the 20th May, aud there was evidence of sales in March, April, and May, all prior to the finding of the indictment. This was sufficient.
In Stockwelhs case, the defendant asked the court to require the state to elect and inform the defendant which specific sale, which it had given evidence tending to prove, the state relied on, to sustain the indictment. This was refused, and for this the judgment was reversed. The prosecutor should have made his election when asked. In the case before us, no such election was demanded.

Judgment affirmed.